**STATE of Missouri, Appellant,**

v.

**Michael Durand SMITH, Respondent.**

**No. 52852.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 8, 1987.

Richard D. Jones, Cape Girardeau, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

The State appeals from the trial court's order expunging Michael Smith's criminal record. We reverse.

On September 25, 1972, Smith pled guilty to the charge of possession of less than 35 grams of marijuana, a misdemeanor. His sentence, thirty days in the county jail, was suspended and he was placed on supervised probation for one year. On August 16, 1973, while still on probation, Smith pled guilty to two charges of driving with a suspended license. Based on those charges his suspended sentence was revoked and Smith served his thirty days in jail.

Thirteen years after his release, on October 14, 1986, Smith applied to the court to expunge his record under § 195.290, RSMo 1986. Smith asserts he was twenty-one years old at the time of the possession offense; that he has not been charged with any crimes, other than unrelated offenses such as speeding tickets, in the ensuing thirteen years; that he is currently an upstanding citizen; and that he was decorated and honorably discharged from military service prior to the 1972 offense. At the hearing on his application for expungement, Smith testified the record of his conviction is hampering his chances of advancing in the National Guard and of getting employment with the Veterans Administration.

Chapter 195, RSMo 1986, deals with drug regulations including the establishment of penalties for the possession of certain controlled substances. Section 195.290 provides for the expungement, under certain circumstances, of drug related convictions. To have a record expunged the applicant must have been twenty-one years of age or younger at the time of the offense and the court must determine that the applicant "during the period of such probation and during the period of time prior to his application [for expungement] ... has not been guilty of any offenses, or repeated violation of the conditions of such probation."

Section 195.290 refers to "repeated violations of the conditions of ... probation." Smith argues his probation was revoked for two non-drug related incidents, not for repeated violations of probation. Smith's final disposition was thirty days in jail, not probation.

The trial court that granted Smith's application correctly found "applicant's unsuccessful probation causes him [to] not be eligible" for relief under § 195.290. The court, however, went on to grant the application because Smith's "perfect record after his service of his sentence entitles him to the relief sought." The court misconstrued its equitable powers. Smith pled guilty and was sentenced; there was neither an illegal prosecution nor an acquittal to justify an extra-judicial expungement. See State ex rel. Peach v. Tillman, 615 S.W.2d 514, 519 [7] (Mo.App.1981).

We do not argue with Smith's assertions that he is now a respected member of his community and that his situation is compelling. He does not, however, satisfy the requirements of § 195.290. The legislature has provided for the expungement of drug conviction records for a small segment of society; persons who, while young, made a mistake and immediately showed they learned from that mistake by satisfactorily completing probation and then remaining law abiding. State v. Kraus, 530 S.W.2d 684, 685 [2] (Mo.banc 1975). Smith did not complete his one-year probation; he violated probation and served his sentence. He is not eligible to benefit from § 195.290 as it is currently enacted.

Judgment reversed.

SATZ, P.J., and KELLY, J., concur.