John Robert LINDSAY,
Plaintiff–Appellant,

v.

William HOPKINS, et al.,
Defendants–Respondents.

No. 57031.

Missouri Court of Appeals,
Eastern District,
Northern Division.

May 1, 1990.

Lee R. Elliott, Troy, for plaintiff-appellant.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from the dismissal, for failure to state a claim upon which relief can be granted, of his petition for expunction, or closure, of his criminal records.[1] We affirm.

In his petition plaintiff alleged that more than five years ago, before he was twenty-one, he was arrested and charged with six different crimes: September, 1981—driving while intoxicated, possession of alcohol by a minor and driving without a license; January, 1982—possession of marijuana; and March, 1983—second degree burglary and felony stealing. It appears he attempted to plead statutory causes of action for either expunction or closure of the records in the above-mentioned cases; in addition he requested relief under equitable principles. The court sustained defendants' motions to dismiss the petition on July 14, 1989.

In reviewing a dismissal for failure to state a claim for relief, we determine whether the facts pleaded and reasonable inferences to be drawn therefrom, viewed most favorably to the plaintiff, demonstrate any basis for relief. We accept as true all facts averred in the petition, construe all averments liberally and favorably to the plaintiff and determine whether they invoke principles of substantive law upon which relief can be granted. *Rosatone v. GTE Sprint Communications*, 761 S.W.2d 670, 671 (Mo.App.1988).

Plaintiff's points on appeal raise four issues: (1) whether plaintiff stated a *claim at law for expunction* of criminal records, (2) whether he stated a *claim in equity for expunction* of criminal records, (3) whether he stated a *claim at law for closure* of criminal records and (4) whether he stated a *claim in equity for closure* of criminal records.

The statute in effect on the date of dismissal pertaining to expunction of criminal records follows:

After a period of not less than six months from the time that an offender was placed on probation by a court, such person, who at the time of the offense was twenty-one years of age or younger, may apply to the court which sentenced him for an order to expunge from all official records, except from those records maintained under the comprehensive drug abuse prevention and control act, as enacted in 1970, and all recordations of his arrest, trial and conviction.[2] If the court determines, after a hearing and after reference to the controlled dangerous substances registry, that such person during the period of such probation and during the period of time prior to his application to the court under this section has not been guilty of any offenses, or repeated violation of the conditions of such probation, he [it] shall enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and conviction. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest or trial or conviction in response

---

1. The defendants are the City Marshall of Troy, the Sheriff of Lincoln County, the Superintendent of the Highway Patrol, and the Director of Revenue.

2. "Expunge from" meant to strike out, blot, obliterate, delete or cancel that part of the record identifying the offender. *State ex rel. M.B. v. Brown*, 532 S.W.2d 893, 896 (Mo.App. 1976).

to any inquiry made of him for any purpose.[3]

§ 195.290, RSMo 1986 (repealed effective August 28, 1989).

The statutes in effect on the date of dismissal pertaining to closure follow:

If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.

§ 610.100, RSMo 1986.

If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.-120.

§ 610.105, RSMo 1986.

Any person as to whom imposition of sentence was suspended prior to September 28, 1981, may make a motion to the court in which the action was prosecuted after his discharge from the court's jurisdiction for closure of official records pertaining to the case. If the prosecuting authority opposes the motion, an informal hearing shall be held in which technical rules of evidence shall not apply. Having regard to the nature and circumstances of the offense and the history and character of the defendant and upon a finding that the ends of justice are so served, the court may order official records pertaining to the case to be closed, except as provided in 610.120.

§ 610.106, RSMo 1986. Section 610.120, RSMo 1986 (repealed effective August 28, 1989) provided:

Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section. They shall be available only to courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law or presidential executive order. All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book.

The new version of § 610.120 broadens who has access and the purposes for access. See § 610.120, RSMo Supp.1989.

In addition to relief at law there appears to be authority for the discretionary grant of equitable relief under certain circumstances. The first Missouri case we found discussing such relief is *State ex rel. Peach v. Tillman*, 615 S.W.2d 514 (Mo.App.1981). In *Tillman* our court intimated Missouri state courts might have such powers when it discussed federal cases which recognize the inherent equity power of federal courts to order expunction of criminal records in some cases of illegal prosecutions or acquittals. *Tillman* was subsequently cited with approval in *State v. Smith*, 735 S.W.2d 795 (Mo.App.1987) and *State v. Bachman*, 675 S.W.2d 41 (Mo.App.1984). The court in *Bachman* held that an equitable cause of action for closure, analogous to that provided by statute where imposition of sentence is suspended, exists where execution of sentence is suspended. Other states are divided on the issue of whether a court has the power to grant

---

**3.** A court could not grant relief until probation was completed. *State v. Kraus*, 530 S.W.2d 684 (Mo. banc 1975).

equitable relief. *See* Annot., 46 A.L.R.3d 900, 909 and Supp.1989.

The Attorney General denies the existence of equitable relief and argues our Supreme Court is presently considering that issue in a case it recently transferred. We need not delay our resolution of this case since plaintiff's petition is insufficient under both legal and equitable principles.

Plaintiff's first point is an assertion that he stated a claim for expunction of his marijuana conviction.

■ During oral argument plaintiff conceded he failed to state a claim at law for expunction of the records of this conviction.[4] Plaintiff failed to plead a cause of action in equity for expunction of the records in that case since he did not plead the conviction was the product of an illegal prosecution or a case which resulted in acquittal.[5] *Smith*, 735 S.W.2d at 796.

■ In his other point dealing with expungement, plaintiff asserts that he stated a claim for expunction when he alleged one of his convictions resulted from "a prosecution alleged to have been illegal."

Plaintiff has cited no law, and we have found none, giving him a legal cause of action for expunction on the basis of illegal prosecution. As stated above, there is authority for the equitable expunction of criminal records arising from illegal prosecutions. Plaintiff did allege his "D.W.I. arrest was made without probable cause ..."; however, a pleading must state facts, not conclusions, showing entitlement to relief. *Schlictig v. Reichel*, 770 S.W.2d 493, 494 (Mo.App.1989). Plaintiff has pleaded legal conclusions, not ultimate facts. Point denied.

Plaintiff's other point is that he stated a claim "for closure of arrest records occurring prior to September 28, 1981." We conclude plaintiff is contending that he has stated claims for closure of records gener-ated from his September, 1981 arrest and charges.

■ Plaintiff has not alleged any of his sentences were suspended prior to September 28, 1981; therefore, he has failed to state a claim for relief under § 610.106. *See* text of § 610.106 *supra*. Plaintiff has not alleged he was not charged within thirty days after his arrest, therefore, § 610.100 is inapplicable. *See* text of § 610.100 *supra*. We turn now to § 610.105. As to the driving while intoxicated charge, plaintiff has alleged only that it resulted in conviction. Without more, he has failed to plead a claim for closure of the records in that case. *See* text of § 610.105 *supra*. Plaintiff alleged the driving without a license charge was nolle prossed and the charge of possession of alcohol by a minor resulted in a suspended imposition of sentence and successfully completed probation; these allegations meet the § 610.105 criteria for closing the two cases. However, before finding plaintiff has stated a claim for relief, we must resolve the issue of whether one must seek closure of his criminal records when the criteria of § 610.105 are satisfied or whether those keeping the records are to close them upon their own initiative when the criteria are met.

■ In construing statutes, our responsibility is to ascertain the intent of the General Assembly from the language used and to give effect to that language; in so doing we first give the words used their plain and ordinary meaning, and we view the provision in light of the entire legislative act trying to harmonize all the provisions, if possible. *Community Federal Savings & Loan Association v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988). The plain language of § 610.105, when viewed in the context of §§ 610.030–610.120, RSMo 1986 and Supp.1989 (partic-

4. Plaintiff alleged in his petition that he had pled guilty to two offenses, second degree burglary and felony stealing, during the time prior to his application; therefore, he failed to plead a claim in law for expunction of the criminal records in his marijuana case. *See* § 195.290 in text *supra*.

5. We reach this result regardless of whether expunction refers to the total obliteration of the records or merely those parts yielding the individual's identity. *See Bergel v. Kassebaum*, 577 S.W.2d 863, 871–72 (Mo.App.1978).

ularly in light of § 610.030 which authorizes circuit courts to issue injunctive relief to enforce the provisions of §§ 610.100–610.115 and § 610.106 which explicitly requires the party seeking relief to make a motion to the court), leads to the conclusion that once the statutory requisites are met those keeping criminal records should, upon their own initiative, close them.

As pleaded, the records in the two cases should be closed. We do not perceive plaintiff's petition to raise a claim that those holding the records have not physically separated them as required by statute, but, rather, that some have access to whom he would deny access. He has not alleged facts showing the records in those two cases have been made available in contravention of § 610.120, RSMo 1986; therefore, he has failed to state a claim at law for relief, injunctive or otherwise.

The only existing equitable theory for closure adopted in this state is found in *Bachman,* 675 S.W.2d at 52–53 wherein the court established one could state a claim for closure in certain cases where execution of sentence had been suspended. The two claims do not make allegations that execution of sentence was suspended, and we decline to create a new cause of action.

Furthermore, upon review of the entire petition we conclude plaintiff has failed to state a claim for relief by expunction or closure, in law or in equity, of any of his criminal records.

Judgment affirmed.

SIMON, C.J., and DOWD, J., concur.