STATE of Missouri, Respondent,

v.

**Jason KELLY, Appellant.**

No. 70559.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1998.

N. Scott Rosenblum, Susan Kister, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Jason Kelly, filed a motion to recall the mandate dismissing his direct appeal.[1] He alleges the dismissal was due to ineffective assistance of appellate counsel. This Court "provisionally" recalled the mandate and reinstated the direct appeal. The order provisionally recalling the mandate required defendant's new counsel to address the issue of whether a mandate may be recalled in light of the rule change to Rule 29.15, effective January 1, 1996 ("new Rule 29.15"). Our order provisionally recalling the mandate is set aside. We dismiss the appeal.

A Missouri State Highway Patrol Officer pulled defendant over on March 16, 1995, for weaving on Highway 70. This stop led to defendant's arrest for possession of approximately fifty-five pounds of marijuana. On March 11, 1996, the first day of trial, defendant's counsel moved for a continuance, believing defendant incompetent to stand trial. The trial court denied this motion. Later that day, defendant: attempted to fire his lawyer; attempted to enter a guilty plea; testified he intended to distribute the marijuana to achieve "spiritual enhancement and a balancing of inequality of the planet and humanity"; absconded at a recess in a family car to find new evidence; and suggested he might harm himself. The jury convicted defendant. The trial court entered judgment and a sentence of fifteen years.

Defendant filed a timely notice of appeal on May 16, 1996. Defendant alleges the trial court erred in proceeding with the trial in that there was evidence sufficient to raise a genuine, reasonable doubt as to his competency to stand trial. On October 4, 1996, this Court issued a mandate, dismissing defendant's direct appeal for failure to file the record on appeal in compliance with Rules 30.04(f) and 81.18. The mandate further adjudged the sentence pronounced against defendant be executed. Pursuant to Rule 30.24, on October 4, 1996, this Court sent a copy of the mandate to the Department of Corrections, where defendant was housed.

On April 30, 1997, defendant filed a pro se pleading, titled motion to set aside involuntary dismissal of appeal. This Court treated defendant's pro se motion as a motion to recall the mandate. Defendant alleged that he thought his attorney had filed the transcript. On June 25, 1997, this Court provisionally granted the motion to recall the mandate and directed appellate counsel to address the issue of whether the mandate may be recalled in light of new rule 29.15(a).

Prior to January 1, 1996, defendants were required to seek relief for ineffective assistance of trial counsel in the sentencing court pursuant to the provisions of Rule 29.15. Rule 29.15 (1995). A defendant seeking relief for the ineffective assistance of appellate counsel had to do so in a motion to recall the mandate of the appellate court. *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994). The Missouri Supreme Court reasoned, "because the current rule requires a motion for post-conviction relief to be filed prior to the time the appeal is perfected, claims of inef-

---

1. A jury found defendant guilty of possession of a controlled substance with intent to distribute pursuant to Section 195.211 RSMo 1994.

fective assistance of appellate counsel cannot be known and, therefore, cannot possibly be asserted in a timely filed Rule 29.15 motion." *Id.*

The new Rule 29.15, effective January 1, 1996, provides in subsection (a):

A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, *including claims of ineffective assistance of trial and appellate counsel,* . . . may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

Rule 29.15(a) (emphasis added). All such motions must be filed within ninety days after the date the mandate of the appellate court is issued. Rule 29.15(b).

The new Rule 29.15 was in effect when the trial court sentenced defendant on May 10, 1996. Rule 29.15(m). Defendant could have raised his claim for ineffective assistance of appellate counsel in a motion under Rule 29.15. The record indicates, upon sentencing the defendant, the trial court advised defendant of his rights under 29.15. The record reveals this Court sent a copy of the mandate to the Department of Corrections, as required by Rule 30.24. We presume defendant received notice that this Court dismissed his direct appeal. Defendant had ninety days from October 4, 1996, the date this Court issued the mandate, to file a Rule 29.15 motion for a claim of ineffective assistance of appellate counsel. Defendant failed to do so.

Defendant filed his pro se motion "to set aside involuntary dismissal of appeal" on April 30, 1997. This Court treated the motion as a motion to recall the mandate, recognizing the defendant failed to file within the ninety day time limit required by new Rule 29.15. However, defendant's failure to file a motion pursuant to new Rule 29.15 within ninety days of the mandate acts as a waiver of his claim of ineffective assistance of appellate counsel. The new Rule 29.15 precludes the use of a motion to recall a mandate as a means of raising claims of ineffective assistance of appellate counsel.

In construing statutes, this Court must ascertain the drafters' intent from the language used. *See Lindsay v. Hopkins,* 788 S.W.2d 776, 779 (Mo.App.1990). We give the words used their plain and ordinary meaning and view the provision in light of the entire rule, trying to harmonize all provisions if possible. *Id.* The rules of construction are identical for supreme court rules and legislative enactments. *State v. Windmiller,* 579 S.W.2d 730, 732 (Mo.App.1979). Defendant contends new Rule 29.15 can only be construed to favor a defendant's right to file a motion to recall a mandate if appellate counsel fails to file the record on appeal. We disagree.

Unlike the old Rule 29.15, the plain and ordinary language of new Rule 29.15 permits a defendant to pursue a claim for ineffective assistance of appellate counsel. Rule 29.15(a). A rule 29.15 motion is the "exclusive procedure" by which a defendant may seek relief in the sentencing court pursuant to the provisions of Rule 29.15. Rule 29.15(a). Subsection (a) does not alone preclude defendant's right to seek relief in the appellate court through a motion to recall the mandate dismissing his appeal. However, when harmonized with subsection (b), it appears the drafters' intended the new Rule 29.15 to preclude the use of a motion to recall a mandate for ineffective assistance of appellate counsel. "Failure to file a motion within the time provided by this Rule 29.15 *shall* constitute a complete waiver of any right to proceed under this Rule 29.15 and *a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15.*" Rule 29.15(b) (emphasis added). In the instant case, defendant failed to file a motion claiming ineffective assistance of appellate counsel within the ninety day limit following the issuance of our mandate dismissing his direct appeal. Defendant could have filed a new Rule 29.15 motion. Therefore, defendant waived his rights to proceed under a

motion to recall the mandate.[2]

Defendant further contends that when subsection (*l*) is harmonized with subsections (a) and (b), it is clear the drafters did not intend preclusion in the instant case. Subsection (*l*) prohibits the circuit court from entertaining successive motions. Defendant argues the only way to reconcile the subsections is to conclude a claim of ineffective assistance of appellate counsel for failure to file the record on appeal should be raised, as before, in a motion to recall the mandate. Otherwise, defendant argues, new Rule 29.15(*l*) forces a defendant to "use up" his only opportunity to file a motion for post conviction relief by seeking permission to go forward with an *involuntarily dismissed appeal*. *Defendant reasons this would leave a defendant without a later means to raise substantive claims concerning omissions on appeal by appellate counsel.*

In the instant case, there are no allegations that defendant's new appellate counsel provided ineffective assistance. "Courts do not function to decide hypothetical situations." *State v. Anderson*, 663 S.W.2d 412, 416 (Mo.App.1983). This issue, however, merits consideration in ascertaining the drafters' intent, while trying to harmonize all provisions if possible.

Revisiting subsection (b), new Rule 29.15 requires a motion to be filed within ninety days after the date the mandate of the appellate court is issued. Subsection (*l*) prevents a trial court from entertaining successive motions after the issuance of a mandate by the court of appeals. Subsection (*l*) does not prevent a trial court from entertaining a Rule 29.15 motion after the issuance of each mandate. If necessary, a defendant could file one Rule 29.15 motion after a mandate dismissing a direct appeal. If the appeal was reinstated, and a second mandate issued, a defendant could file another Rule 29.15 motion alleging ineffective assistance of counsel which occurred after the issuance of the prior mandate. Therefore, Rule 29.15 can be harmonized to preclude defendant's right to file

a motion to recall a mandate as a means of reopening his direct appeal.

Our order provisionally recalling the mandate and reinstating defendant's appeal is set aside. Defendant's appeal is dismissed.

CRANDALL and KAROHL, JJ., concurs.

Circumstances so rare and exceptional may arise that a manifest injustice or a fundamental miscarriage of justice results.

---

**2.** We need not decide if new Rule 29.15 would prevent a defendant similarly situated from proceeding under state or federal habeas corpus.