STATE of Missouri, Respondent,

v.

William TAYLOR, Appellant.

No. WD 51906.

Missouri Court of Appeals,
Western District.

Sept. 28, 1999.

Kent E. Gipson, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

## ON MOTION TO RECALL MANDATE

SPINDEN, Judge.

William Taylor asks us to recall our mandate and to vacate our opinion in *State v. Taylor*, 943 S.W.2d 675 (Mo.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 695, 139 L.Ed.2d 640 (1998). He contends that his attorney, Willard Bunch, had a conflict of interest while representing him. The state concedes that Bunch had an actual conflict of interest and agrees that we should recall our mandate. We grant Taylor's request.

A jury found Taylor guilty of killing his wife and convicted him of first degree murder. The circuit court sentenced Taylor to a life sentence without possibility of probation or parole. Under the Supreme Court rules then in effect governing post-conviction proceedings,[1] a defendant who had filed a direct appeal had 30 days after filing the transcript to file a motion for postconviction relief pursuant to Rule 29.15. Rule 29.15(b) (1995). Taylor filed a notice of appeal of the circuit court's judgment on time, and he filed the transcript for the direct appeal on April 17, 1996. This made May 17, 1996, the deadline for his filing a motion for postconviction relief under Rule 29.15.

Bunch, Taylor's trial counsel, continued to represent Taylor on appeal. On May 15, 1996, two days before the deadline for a Rule 29.15 motion, Bunch told Taylor that he could raise matters concerning postconviction relief either in a Rule 29.15 motion or as plain error in the direct appeal. Bunch advised Taylor that he would raise the matters as plain error "because a Rule 29.15 Motion would have to have been filed by this Friday and would substantially delay the period of time that the appeal can be finalized." Bunch also advised Taylor that the standard by which the court would judge the postconviction matters would be the same whether raised as plain error on direct appeal or through a Rule 29.15 motion. Taylor did not file a Rule 29.15 motion. None of Taylor's claims of ineffective assistance of trial counsel was presented to any court. On February 18, 1997, this court affirmed the circuit court's judgment convicting Taylor. 943 S.W.2d at 675.

■ This court loses jurisdiction when it issues its mandate to the circuit court. It can recall its mandate only under limited circumstances. "Generally, it has been held that the action to recall mandate is limited to consideration of the claim that federal constitutional rights have been infringed when the lawyer acting for the accused on appeal has been ineffective by constitutional standards."[2] *State v. Teter,* 747 S.W.2d 307, 308 (Mo.App.1988).

■ To prevail on a claim of ineffective assistance of counsel, a movant must establish by a preponderance of the evidence that his attorney did not employ the skill and diligence that a reasonably competent attorney customarily should employ in similar circumstances and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is presumed, however, if the defendant demonstrates that his attorney " 'actively represented conflicting interests' " and " 'that an actual conflict of interest adversely affected his lawyer's performance.' " *Id.* at 692 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348–50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). To prove an actual conflict of

---

1. *See* current Rule 29.15(m): "If sentence is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 29.15 in effect on the date the motion was filed or December 31, 1995, whichever is earlier." Taylor was sentenced on November 3, 1995.

2. Rule 29.15, as amended effective January 1, 1996, precludes use of a motion to recall mandate as a means of raising claims of ineffective assistance of appellate counsel that can be raised in a timely Rule 29.15 motion. *State v. Kelly,* 966 S.W.2d 382, 384 (Mo.App. 1998). This amended rule, however, applies only to individuals sentenced on or after January 1, 1996. See note 1, *supra.*

interest, a defendant must show that his trial attorney either acted or failed to act in way that was detrimental to the defendant's interests and was advantageous to a person whose interests conflicted with the defendant's. *Yoakum v. State,* 849 S.W.2d 685, 689 (Mo.App.1993).

■ A trial attorney's representing a defendant on direct appeal and in a post-conviction motion in which the claim is ineffective assistance of trial counsel creates an inherent conflict of interest for the attorney. *See State v. Powell,* 798 S.W.2d 709, 716 (Mo. banc 1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). It puts the attorney in the untenable position of litigating his or her own incompetence.

■ In this case, Bunch, who actively represented Taylor on direct appeal, advised Taylor not to file a Rule 29.15 motion. By advising Taylor not to file a Rule 29.15 motion, Bunch, in essence, was caught between his obligation to do his best for Taylor and a desire to protect his own reputation and financial interests. "An accused is entitled to representation which is uncluttered by counsel's efforts to vindicate his own conduct. A conflict of interest resulting in ineffective assistance of counsel may arise from an interest adverse to the accused or an interest simply personal to the attorney." *Nunn v. State,* 778 S.W.2d 707, 711 (Mo.App.1989). Bunch's advice foreclosed Taylor from seeking any relief on the grounds of ineffective assistance of counsel.

■ Moreover, in advising Taylor not to file a Rule 29.15 motion, Bunch incorrectly stated that he could raise any claims for postconviction relief in his direct appeal. Claims of ineffective assistance of counsel are not cognizable in a direct appeal. *State v. Hurt,* 931 S.W.2d 213, 214 (Mo. App.1996). Bunch's advice to Taylor prevented Taylor from litigating his attorney's competency at trial. Such conduct demonstrates that Bunch's actual conflict of interest adversely affected his performance.

But for Bunch's advice, Taylor would have been able to file a timely Rule 29.15 motion and to obtain appellate review of his ineffective assistance of counsel claims. Had Taylor filed a Rule 29.15 motion on time, the circuit court would have been obligated, assuming it found Taylor to be indigent, to appoint new counsel to represent him in those proceedings. Rule 29.15(e).

Because Taylor has established that his attorney had an actual conflict of interest that adversely affected his attorney's performance, we presume prejudice. *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052. We refuse "'to indulge in nice calculations as to the amount of prejudice' attributable to the conflict. The conflict itself demonstrate[s] a denial of the 'right to have the effective assistance of counsel.'" *Cuyler v. Sullivan,* 446 U.S. 335, 349, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (citation omitted).

We, therefore, recall our mandate, vacate our previous opinion and remand to the circuit court for resentencing. After resentencing, Taylor may pursue a new direct appeal and postconviction relief. As to Taylor's remaining claims in his motion to recall mandate, they would best be addressed in appellate and postconviction proceedings brought by Taylor after remand of this case to the circuit court for resentencing.

JAMES M. SMART, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.