**Samuel LOMAX, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84784.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 2005.

Deborah Daniels, Richard Starnes (co-counsel), Jefferson City, MO, for respondent.

Michelle Rivera, St. Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Judge.

Samuel Lomax appeals the judgment denying his Rule 24.035 motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

## I. BACKGROUND

Lomax was charged with two counts of domestic violence and one count of property damage. At the plea hearing, Lomax indicated that he had had sufficient opportunity to discuss his case with counsel, that he was satisfied that counsel was aware of all the information he needed to adequately advise and represent Lomax in the matter and that counsel had advised Lomax of all the aspects of the case, including his legal rights. Lomax told the court that he was satisfied with counsel's services. He pled guilty to all counts. Lomax stated that he understood that he had the right to a jury trial, where he would be presumed innocent until proven guilty beyond a reasonable doubt, could confront the witnesses that testified against him and could subpoena witnesses to testify on his behalf. Lomax answered "no" when asked whether anyone had made any promises or threatened him in any way to induce him to plead guilty. The court accepted his plea after ensuring that Lomax understood all the questions asked of him and had no

questions of his own.[1]

Lomax filed a motion for post-conviction relief under Rule 24.035. He claimed that counsel was ineffective for coercing him to plead guilty "by telling Lomax that he would not take his case to trial until his legal fees were paid and that it was too late for him to withdraw from the case and allow Lomax to obtain alternative counsel." Lomax contended that his inability to pay created an actual conflict of interest and that he would not have pled guilty if counsel had not pressured him to do so because he could not afford to go to trial. Lomax also claimed that counsel was ineffective for accepting payment of the legal fees from Lomax's girlfriend—the victim of the domestic violence charges—and for thereafter acting in accord with her wishes to get Lomax out of jail sooner by pleading guilty instead of going to trial as Lomax wished. This too, Lomax alleged, created an actual conflict of interest.

The motion court took judicial notice of the court file and the transcript. In its findings of fact and conclusions of law, the court found that both of Lomax's claims of ineffective assistance of counsel were clearly refuted by the record, citing Lomax's statements at the plea hearing. The court concluded that Lomax failed to demonstrate unrefuted facts entitling him to relief and failed to demonstrate prejudice. It denied the motion without an evidentiary hearing, and Lomax appeals.

## II. DISCUSSION

We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the record, this Court is left with the definite and firm impression that a mistake has been made. *Id.*

Lomax argues that the court erred by denying his ineffective assistance of counsel claim without a hearing because his responses to the court's inquiries at the plea hearing were not specific enough to conclusively refute his allegations. We agree.

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Simmons v. State,* 100 S.W.3d 143, 145 (Mo.App. E.D.2003). No hearing will be held if the record of the case conclusively shows that the movant is entitled to no relief. Rule 24.035(h). If the guilty plea proceedings directly refute that the movant's plea was involuntary, then he is not entitled to an evidentiary hearing. *Cain v. State,* 859 S.W.2d 715, 717 (Mo.App. E.D.1993). To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be "specific enough to refute conclusively the movant's allegation." *State v. Driver,* 912 S.W.2d 52, 56 (Mo. banc 1995). A negative response to a routine inquiry regarding whether any promises or threats had been made to induce a

1. Execution of Lomax's sentence on one of the charges was suspended, and he was placed on probation. He received credit for time served on the other charges. His probation was later revoked, and at the sentencing hearing the court again examined Lomax regarding his plea counsel's services. Lomax stated that he had had sufficient opportunity to discuss the case with counsel, that counsel had done all of the things that Lomax had asked him to do and had not done anything that Lomax had asked him not to do and that no promises or threats had been made to induce him to plead guilty.

guilty plea is too general to encompass all possible statements by counsel to his client. *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo.App. W.D.2001) (allegation of affirmative act of misinformation by counsel not refuted by statement that no promises or threats made to induce guilty plea); *but see Martin v. State*, 78 S.W.3d 197, 200 (Mo.App. W.D.2002) (allegation that counsel promised certain sentence refuted by statement that no promises had been made).

 Lomax's responses to the court's routine inquiries at the plea hearing were too general to conclusively refute the allegation that counsel specifically told Lomax that he would not proceed to trial until his legal fees were paid and that it was too late for him to withdraw from the case and allow Lomax to obtain alternative counsel. Lomax's admission that no promise or threats were made does not refute that counsel made this particular statement. *See Shackleford*, 51 S.W.3d at 128. Nor do Lomax's general expressions of satisfaction with counsel conclusively refute the claims in his motion. *See Royston v. State*, 948 S.W.2d 454, 458 (Mo.App. W.D. 1997). There is nothing in the record to specifically and conclusively refute the allegation in Lomax's motion that counsel accepted payment of his legal fees from Lomax's girlfriend and thereafter acted in accord with her wishes that Lomax plead guilty. Moreover, although Lomax indicated that he understood his right to a jury trial and that counsel had advised Lomax of his legal rights generally, the record does not contain any evidence that Lomax understood that he had the right to conflict-free representation.

 These facts, if true, would entitle Lomax to relief. To prevail on a claim of ineffective assistance of counsel founded on a conflict of interest, the movant must show that an actual conflict of interest adversely affected counsel's performance. *Helmig v. State*, 42 S.W.3d 658, 680 (Mo. App. E.D.2001) (citing State v. Chandler, 698 S.W.2d 844, 848 (Mo. banc 1985)); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). "In order to prove a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." *Helmig*, 42 S.W.3d at 680 (internal quotation marks omitted). If the movant proves that counsel had an actual conflict of interest affecting counsel's performance, then prejudice is presumed. *State v. Griddine*, 75 S.W.3d 741, 745 (Mo.App. W.D.2002).

Here, Lomax alleged an actual conflict of interest that affected counsel's performance. Although a defendant's failure to pay his legal fees does not necessarily give rise to a conflict of interest, the allegations in this motion show that Lomax's inability to pay created a divergence of interests between Lomax and counsel. According to Lomax, counsel told Lomax that he would not take the case to trial until his legal fees were paid and that it was too late for him to withdraw from the case and allow Lomax to obtain alternative counsel. Moreover, because Lomax could not pay himself, counsel allegedly accepted payment of the legal fees from Lomax's girlfriend and thereafter pursued her interest in having Lomax plead guilty so that he could get out of jail sooner. Counsel's alleged conduct was detrimental to Lomax's interest in that Lomax claimed he would not have pleaded guilty if counsel had not pressured him to do so because he could not afford a trial and because his girlfriend wanted him to plead guilty; rather, counsel's alleged conduct was advantageous to counsel's own interests and the interests of Lomax's girlfriend. Hav-

ing alleged facts that, if true, amounted to an actual conflict, prejudice is presumed.

Lomax alleged facts warranting relief that are not refuted by the record and he demonstrated prejudice. Thus, Lomax was entitled to an evidentiary hearing on his ineffective assistance of counsel claims. The denial of his motion without that hearing was clear error. Points granted.

## III. CONCLUSION

The judgment is reversed, and the case is remanded for an evidentiary hearing.

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.