**Cornell PRICE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85208.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 13, 2005.

Deborah Daniels, Lisa M. Kennedy (co-counsel), Jefferson City, MO, for respondent.

Timothy J. Forneris, St. Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Judge.

Cornell Price appeals the judgment denying his Rule 24.035 motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

## I. BACKGROUND

Price was charged with possession of heroin and with possession of drug paraphernalia with the intent to use. At the plea hearing, Price indicated that he understood he had the right to a trial and the right to have a lawyer represent him throughout a trial, which he understood he was giving up when he pled guilty. Price admitted the facts set forth by the State and indicated to the court that no one had made any threats in order to get him to plead guilty and that he was pleading guilty of his own freewill. Price stated that he was "always" satisfied with the services of his attorney, that his attorney did everything Price wanted him to do and that he had sufficient time to talk with his attorney.

The court accepted Price's pleas and, based on his admission that he had previously pled guilty to a felony and been convicted by a jury of another felony, found that Price was a prior and persistent offender as alleged in the information. After sentencing, Price again indicated that he was more than satisfied with his attorney.

Price filed a motion for post-conviction relief under Rule 24.035 and requested an evidentiary hearing. He claimed that there was no evidence that he had been represented or had waived his right to counsel in the prior conviction proceedings and therefore he could not be sentenced as a prior and persistent offender. He also claimed that counsel was ineffective for coercing him to plead guilty in this case because he could not pay counsel's legal fees for trial. Price asserted that counsel's financial interest in getting paid for his trial work conflicted with Price's interest in taking the case to trial. He alleged that he would testify at a hearing that counsel had told Price he would not take his case to trial until his legal fees were paid and that when Price told counsel of his financial situation, counsel coerced Price to plead guilty. Price stated that counsel pressured him to plead guilty because Price could not afford a trial. Price contended that this created an actual conflict of interest and that he would not have pled guilty if counsel had not coerced him to do so.

The motion court found that Price's claim regarding his status as a prior and persistent offender was without merit because he admitted that status. The court also found that Price's statements at the plea hearing refuted his allegations that counsel was ineffective. The court concluded that the record showed that Price's plea was voluntarily and knowingly made with an understanding of the consequences and denied the motion without a hearing. Price appeals.

## II. DISCUSSION

■■■ We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the record, this Court is left with the definite and firm impression that a mistake has been made. *Id.* Price argues that the court erred by denying his

ineffective assistance of counsel claim without a hearing because his responses to the court's inquiries at the plea hearing were not specific enough to conclusively refute his allegations. We agree.

 A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003). No hearing will be held if the record of the case conclusively shows that the movant is entitled to no relief. Rule 24.035(h). If the guilty plea proceedings directly refute that the movant's plea was involuntary, then he is not entitled to an evidentiary hearing. *Cain v. State*, 859 S.W.2d 715, 717 (Mo.App. E.D.1993). To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be "specific enough to refute conclusively the movant's allegation." *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995). A negative response to a routine inquiry regarding whether any promises or threats had been made to induce a guilty plea is too general to encompass all possible statements by counsel to his client. *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo.App. W.D.2001) (allegation of affirmative act of misinformation by counsel not refuted by statement that no promises or threats made to induce guilty plea); *but see Martin v. State*, 78 S.W.3d 197, 200 (Mo.App. W.D.2002) (allegation that counsel promised certain sentence refuted by statement that no promises had been made).

Price's responses to the court's routine inquiries at the plea hearing were too general to conclusively refute the allegation that counsel specifically told Price that he would not take his case to trial until his legal fees were paid. Price's admission that no threats were made and that he was pleading guilty of his own free will does not refute that counsel made this particular statement. *See Lomax v. State*, 163 S.W.3d 561, 564 (Mo.App. E.D.2005); *see also Shackleford*, 51 S.W.3d at 128. Nor do Price's expressions of satisfaction with counsel conclusively refute the claims in his motion. *See Lomax*, 163 S.W.3d at 564; *see also Royston v. State*, 948 S.W.2d 454, 458 (Mo.App. W.D.1997). Moreover, although Price indicated that he understood he had the right to a trial and the right to have a lawyer represent him throughout a trial, the record does not contain any evidence that Price understood that he had the right to conflict-free representation. *See Lomax*, 163 S.W.3d at 564.

 The facts alleged in Price's motion, if true, would entitle him to relief. To prevail on a claim of ineffective assistance of counsel founded on a conflict of interest, the movant must show that an actual conflict of interest adversely affected counsel's performance. *Helmig v. State*, 42 S.W.3d 658, 680 (Mo.App. E.D. 2001) (citing *State v. Chandler*, 698 S.W.2d 844, 848 (Mo. banc 1985)); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). "In order to prove a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." *Helmig*, 42 S.W.3d at 680 (internal quotation marks omitted). If the movant proves that counsel had an actual conflict of interest affecting counsel's performance, then prejudice is presumed. *State v. Griddine*, 75 S.W.3d 741, 745 (Mo.App. W.D.2002).

Although a defendant's failure to pay his legal fees does not necessarily give rise to a conflict of interest, the allegations in this

motion show that Price's inability to pay created a divergence of interests between Price and counsel that affected counsel's performance. *See Lomax,* 163 S.W.3d at 564. According to Price, counsel told him that he would not take the case to trial until his legal fees were paid. Because Price could not afford to pay, counsel allegedly pursued his own financial interest by coercing Price to plead guilty instead. Counsel's alleged conduct was detrimental to Price's interest in taking his case to trial in that Price claimed he would not have pleaded guilty if counsel had not pressured him to do so because he could not afford a trial. Counsel's alleged conduct was advantageous to counsel's own interest in getting paid for his trial work.

Price alleged facts, unrefuted by the record, which, if true, warrant relief and demonstrate prejudice. Thus, Price was entitled to an evidentiary hearing on his ineffective assistance of counsel claim. The denial of his motion without that hearing was clear error. Point II is granted. Because the evidentiary hearing could result in the vacation of Price's convictions, we do not address his argument in Point I relating to the propriety of sentencing him as a prior and persistent offender.

### III. CONCLUSION

The judgment is reversed, and the case is remanded for an evidentiary hearing.

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.