**Ronald N. JAEGERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 70611.**

Missouri Court of Appeals, Western District.

May 25, 2010.

Frederick J. Ernst, Kansas City, MO, for Appellant.

Robert J. Bartholomew, Jefferson City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JAMES EDWARD WELSH, and GARY D. WITT, JJ.

JAMES EDWARD WELSH, Judge.

Ronald N. Jaegers appeals the circuit court's judgment denying his Rule 24.035 motion without an evidentiary hearing. Jaegers pleaded guilty to aggravated stalking. In this appeal, Jaegers alleges the circuit court clearly erred in denying his motion without an evidentiary hearing because he alleged facts, which if true would entitle him to relief and which are not refuted by the record. Specifically, Jaegers claims that he felt coerced into pleading guilty because his attorney demanded payment of additional money that Jaegers did not have to continue to represent Jaegers at trial. We affirm.

■ Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether or not its findings and conclusions are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made. *Dobbins v. State,* 187 S.W.3d 865, 866 (Mo. banc 2006). To be entitled to an evidentiary hearing on a motion for postconviction relief, (1) a movant must allege facts—not conclusions—which, if true, would be the basis for relief, (2) the facts alleged must raise matters not refuted by the record, and (3) the matters complained of must establish that the movant's case was prejudiced. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). The circuit court can deny an evidentiary hearing if any of the three prongs is not satisfied. *Coke v. State,* 229 S.W.3d 638, 641 (Mo.App.2007). Moreover, when a defendant pleads guilty, a claim of ineffective assistance of counsel is immaterial except to the extent that it renders the plea involuntary and entered without sufficient knowledge. *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc), *cert. denied,* 522 U.S. 954, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997).

■ In his amended Rule 24.035 motion, Jaegers alleged:

[I]mmediately prior to pleading guilty, plea counsel told Movant that plea counsel would require an additional $5,000 to continue to represent Movant. Defense counsel did not explain to Movant whether or how Movant might be able to get representation if he could [not] afford the additional $5,000 fee. As Movant did not have $5,000 and was not aware that defense counsel might not be permitted to withdraw or that Movant might be entitled to appointed counsel, Movant felt that he would be left without representation if he did not plead. Thus, Movant felt coerced to plead guilty rather than proceed without an attorney.

That counsel told Jaegers that he would require an additional $5,000 to continue to represent Jaegers is not an allegation of fact that would be the basis for relief.

Such a statement is not in and of itself coercive. We recognize that in *Price v. State*, 171 S.W.3d 154, 157–58 (Mo.App. 2005), this court's Eastern District found that a movant was entitled to an evidentiary hearing on the movant's claim that his counsel was ineffective for coercing him to plead guilty because he could not pay counsel's legal fees for trial. In *Price*, however, the movant alleged that his counsel would not take his case to trial until the legal fees were paid and that, when counsel was told that the movant could not afford to pay the fee, counsel pressured or coerced the movant into pleading guilty. *Id.* at 156. Jaegers made no such allegations in his amended Rule 24.035 motion.

Moreover, the *Price* court concluded that the circuit court's inquiry concerning promises or threats was not specific enough to conclusively refute the movant's specific allegation that counsel told movant that he would not take the case to trial until the legal fees were paid. *Id.* at 157. Such is not the case for Jaegers. In *Price*, the court concluded: "A negative response to a routine inquiry regarding whether any promises or threats had been made to induce a guilty plea is too general to encompass all possible statements by counsel to his client." *Id.* The record in this case, however, sufficiently refutes Jaegers's conclusory allegation that his guilty plea was involuntarily entered because his attorney told him that he would require an additional $5,000 to continue to represent Jaegers.

█ At the plea hearing, Jaegers testified that he had plenty of time to discuss his case with his attorney and that his attorney had done everything he had asked him to do and had not done anything he had not wanted him to do. When the circuit court asked Jaegers if he was happy with his counsel's representation and advice, Jaegers answered, "Very satisfactory, sir." Jaegers said that he felt that counsel had done a good job for him. When the circuit court asked Jaegers whether anybody had threatened or abused either him or a family member in order to get him to enter his plea, Jaegers replied, "No." Postconviction relief based on ineffective assistance of counsel can be denied where the movant repeatedly assures the court that he is satisfied with counsel's performance and that counsel has done everything he requested. *Chaney v. State*, 223 S.W.3d 200, 208 (Mo.App.2007).

Further, the record establishes that at sentencing Jaegers indicated that he might want to withdraw his guilty plea because the aggravated stalking charge at issue may not have happened in Lafayette County but in Clay County. When discussing this issue, Jaegers's attorney told the circuit court:

> Mr. Jaegers and I talked about what it would take if he wanted all of this investigation to occur. And so far he hasn't done the things he needs to do to continue to retain me to do that. So if he wants to withdraw his guilty plea I would have to ask the Court to withdraw from the case.

Even after counsel informed the court that he and Jaegers had talked about what it would take if Jaegers wanted to continue an investigation on the case, Jaegers never indicated to the court that he was being coerced by counsel to plead guilty. If Jaegers truly felt pressured into pleading guilty by counsel's statements, he had ample opportunity to express his duress to the circuit court at this time.

We affirm the circuit court's judgment denying Jaegers's Rule 24.035 motion without an evidentiary hearing.

All concur.