

# In the Missouri Court of Appeals
## Eastern District

**DIVISION II**

| | | |
|---|---|---|
| ISLA BALLARD, | ) | No. ED103415 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 1422-CC09507 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Philip D. Heagney |
| | ) | |
| Respondent. | ) | Filed: August 30, 2016 |

## I.  Introduction

Isla Ballard, ("Movant"), appeals the denial of his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing. In his first point, Movant contends the motion court erred because he pled facts establishing ineffective assistance of counsel in that his counsel had an actual conflict by accepting legal fees from a complaining witness in the underlying case, and plea counsel coerced Movant into pleading guilty by stating he could not afford to go to trial. In his second point, Movant alleges plea counsel was ineffective in that he failed to adequately advise Movant, and failed to sufficiently investigate the case as instructed by Movant. For both points, Movant claims he would not have pleaded guilty had plea counsel been effective and plea counsel's deficiencies rendered Movant's guilty plea unknowing, unintelligent and involuntary. We affirm the motion court's decision.

1

## II. Factual and Procedural Background

On July 28, 2008, Movant entered a guilty plea to twelve counts, one count of class B felony kidnapping, four counts of class C felony domestic assault in the second degree, and seven counts of class A misdemeanor domestic assault in the third degree. At the plea hearing, Movant waived a sentencing assessment report, and was sentenced by the motion court to 15 years for each of the five felony counts, the sentences to run concurrently, and to one year for the seven misdemeanor counts, with credit for time served. The court suspended the execution of the felony sentences and granted Movant supervised probation.

### a. Plea Hearing

At his plea hearing, defense counsel, Cleveland Tyson, stated, "pursuant to the extensive conversations with the Court and the State and my client, my client is (sic) authorized me to withdraw his former pleas of not guilty and enter pleas of guilty on all twelve counts." Movant had a separate criminal charge of domestic assault in the third degree against the same victim pending in another division of the St. Louis City Circuit Court in which Movant was represented by the Public Defender's Office. Movant testified it was his intent to also plead guilty to that charge after pleading in the present case.

The State advised Movant and the motion court of the range of punishment for each of the offenses. Therefore, Movant was advised he was facing up to 90 years or life. The court asked Movant if he understood the range of punishment and whether his attorney had discussed it with him, and Movant answered affirmatively. Additionally, the court extensively questioned Movant about his constitutional right to trial, reviewing his rights and the work Mr. Tyson had done for him. An excerpt of the plea colloquy demonstrates the thoroughness of the motion court:

2

THE COURT: Okay. I'm gonna focus on what Mr. Tyson has done for you or not done for you. He's been your lawyer from the time he took over up til now, is that correct?

A. Yes.

THE COURT: Have you had enough time to talk to Mr. Tyson about all aspects of your case before making the decision to plead guilty?

A. Yes.

THE COURT: Did you tell Mr. Tyson everything you know about the facts and circumstances surrounding these twelve charges against you?

A. Yes.

THE COURT: Do you have any witnesses that you want Mr. Tyson to interview for you or to bring to Court for you, if you go to trial?

A. If I go to trial?

THE COURT: Yeah.

A. I'm pleading guilty, right?

THE COURT: You are. But you have the choice of going to trial.

A. Oh, okay.

THE COURT: And before you make your final decision about what you want to do, you might have witnesses that you want Mr. Tyson to check on for you to see if they would be strong witnesses or weak witnesses or somewhere in between. Do you have any people like that that you want Mr. Tyson to check on for you or bring--- bring to trial if you go to trial?

A. No.

THE COURT: Has Mr. Tyson answered your questions and done the things you've asked him to do?

A. Yes.

THE COURT: Are you satisfied with the work he's done and the answers he's given you?

A. Yes.

THE COURT: Has Mr. Tyson explained your rights to you so you know what your rights are and how those rights work for you if you go to trial?

A. Yes.

THE COURT: At this point, do you have any complaints about how Mr. Tyson has represented you in this case?

A. No.

THE COURT: Have you talked to Mr. Tyson enough about all aspects of this case so that you're ready today to make an independent and voluntary decision about how you want to plead to each of the twelve charges?

A. Yes.

3

| THE COURT: | Has Mr. Tyson or anybody else promised you anything to get you to plead guilty? |
| A. | No. |
| THE COURT: | Has Mr. Tyson or anybody else said to you something like just tell the Judge you're guilty; if you do that, you're guaranteed to get a result that's better than the State's offer? |
| A. | No. |
| THE COURT: | Has Mr. Tyson or anybody else said that I've made some kind of a promise to get you to plead guilty? |
| A. | No. |
| THE COURT: | Has anyone threatened, intimidated or mistreated you or done anything against anyone you care about in order to force you to plead guilty? |
| A. | No. |

The plea colloquy finished with Movant telling the court he had not withheld any information that was important for the court to know and reaffirmed all of his answers were true and he knew he was under oath. After accepting Movant's guilty pleas, the court found he was a persistent and prior offender and sentenced Movant to 15 years for each of the felony charges (Counts I-IV and X-XI) the sentences to run concurrently.  The court then suspended the execution of the sentences and placed Movant on probation for four years.

### b. Probation Revocation Hearing

The Movant's probation was suspended on three separate occasions and a capias warrant was issued for his arrest when he failed to appear at his last revocation hearing on October 29, 2012.[1] He was arrested on September 9, 2013, and a hearing was held on February 14, 2014, after Movant was granted several extensions in order to obtain private counsel. At the revocation hearing, Movant represented himself pro se and told the court the complaining witness, S.D.,

---

[1] Defendant's probation was revoked on April 8, 2009, March 12, 2012 and October 29, 2012. After the second revocation, the court extended Defendant's probation for one year so that it would expire on July 27, 2013. The State urges us to apply the escape rule and deny the Appellant his right of appeal.  However, "[w]hether or not to use the escape rule to dismiss an appellant's claims of error rests within the sound discretion of the appellate court." *Harvey v. State*, 150 S.W.3d 128, 129 (Mo. App. E.D. 2004). As such, this Court chooses to exercise its discretion and address Defendant's positions on the merits.

4

hired Mr. Tyson on Movant's behalf. He stated he did not have enough time to discuss his case with plea counsel and Mr. Tyson had failed to investigate his case fully. Specifically, Movant stated he had phone records undermining the credibility of S.D. and plea counsel had told him the prosecutor had taken steps to exclude the evidence. Finally, Movant informed the court his plea counsel had told him he had no choice but "to take this guilty plea or get life." The court found Movant violated the terms of his probation and revoked his probation. The motion court then ordered Movant's 15-year sentences to be executed and informed him of his post-conviction rights.

### c. Movant's Rule 24.035 Motion and the Motion Court's Judgment

Movant timely filed a pro se Rule 24.035 motion for post-conviction relief on August 20, 2014. The court appointed post-conviction counsel on August 28, 2014. The transcript was filed on November 12, 2014, and counsel timely requested an extension to file an amended motion, making the deadline February 10, 2015, the day the amended motion was filed. The motion court found plea counsel did not coerce Movant into making the decision to plead guilty but instead "gave him an honest and accurate assessment of the risks he faced if he chose to go to trial." The court held the record indicated that defense counsel had extensive conversations with the court, the State, and Movant, and Mr. Tyson's sentencing recommendation was based on extensive discussions with the court regarding Movant. The court found Movant was given ample opportunity at both his guilty plea hearing and probation revocation hearing to question what his counsel told him. Finally, the court noted, Movant's decision to plead guilty resulted in a suspended execution of his sentences and four years of probation, which essentially followed his plea counsel's recommendation. The court denied Movant's post-conviction motions without an evidentiary hearing and entered its findings of fact and conclusions of law on July 23, 2015.

### III.  Standard of Review

Our review of the denial of a Rule 24.035 post-conviction motion is limited to determining whether the findings of fact and conclusions of law of the plea court are clearly erroneous. Rule 24.035(k). Findings are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression a mistake was committed. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). The motion court shall not hold a hearing if it concludes the record conclusively shows the movant is not entitled to relief. Rule 24.035(h).  The court must issue findings of fact and conclusions of law. Rule 24.035(j).

In order to be entitled to an evidentiary hearing under Rule 24.035, the movant must allege facts that if true, entitle him to relief, are not refuted by the record, and resulted in prejudice to him. *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). In order to receive an evidentiary hearing for ineffective assistance of counsel, the movant must allege unrefuted facts showing: (1) counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) this deficient performance prejudiced the movant. *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. App. E.D. 2009). According to the Supreme Court, to show prejudice, "a [movant] must show a reasonable probability that, but for counsel's alleged deficiencies, the result of the proceeding would have been different." *Pittman v. State*, 331 S.W.3d 361, 364 (Mo. App. W.D. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). If the movant fails to show either prong of the ineffective assistance of counsel test, prejudice or performance, then a court need not consider the other and must find the movant's claim fails. *Strickland*, 466 U.S. at 687.

## IV. Discussion

As an initial matter, this Court finds it is not clear from the record that Movant would have proceeded to trial but for plea counsel's alleged coercive pressures. The motion court took judicial notice during the plea hearing Movant was a prior and persistent offender and Movant was informed he was facing a sentence that could be up to 90 years or life in prison. Acting upon his counsel's advice, Movant pleaded guilty and received concurrent sentences totaling 15 years with the execution of those sentences suspended, and he was placed on probation for four years. The motion court noted it essentially followed defense counsel's recommendation. Movant alleges no facts in his brief stating why Movant would not have pleaded guilty but for counsel's actions.

a. **The motion court did not clearly err in denying Movant's motion for relief due to ineffective assistance of counsel because (i) there was a conflict of interest created by the complaining witness hiring and paying defense counsel fees, and (ii) plea counsel unduly pressured Movant into pleading guilty by stating he must pay him more money in order to go to trial.**

  i. **There was no actual conflict of interest created by the complaining witness hiring and paying some of defense counsel's fees.**

"To prevail on a claim of ineffective assistance of counsel founded on a conflict of interest, the movant must show that an actual conflict of interest adversely affected counsel's performance." *Dobbs v. State*, 284 S.W.3d 201, 205 (Mo. App. S.D. 2009) (quoting *Helmig v. State*, 42 S.W.3d 658, 680 (Mo. App. E.D. 2001)). "If the movant proves that counsel had an actual conflict of interest affecting counsel's performance, then prejudice is presumed." *Id*. (quoting *Lomax v. State*, 163 S.W.3d 561, 564 (Mo. App. E.D. 2005)).

In support of his claim that S.D.'s payments to his attorney constituted an actual conflict, Movant cites the Supreme Court case *Wood v. Georgia*, 450 U.S. 261 (1981). In *Wood*, the owner of an adult bookstore paid for his employees' counsel when they were charged with distributing obscene material. *Id*. at 266. The Supreme Court could not determine an actual conflict existed, but remanded the case to the motion court to determine the issue. *Id*. at 273.

Movant alleges that S.D. hired plea counsel on his behalf and plea counsel never discussed this with him as a potential conflict. Movant claims that this was an actual conflict of interest and adversely affected counsel's performance in that plea counsel made Appellant feel he had no choice but to plead guilty. The motion court found that Movant "was aware that the complaining witness had hired his plea counsel and that, nevertheless, Movant continued to retain him for approximately one year, including up to and throughout his guilty plea hearing."

We are not satisfied that Movant has alleged facts, which if true, demonstrate an actual conflict in the present case. Movant does not allege plea counsel pressured him to plead guilty because of S.D.'s wishes or lack of financial resources. Furthermore, Movant has completely failed to allege facts demonstrating prejudice. Movant makes a bare conclusion that "but for plea counsel's acceptance of payment from the complaining witness and coercion, he would not have pled guilty, but would have insisted on a trial." (App. Brief at 22). This is not an allegation of fact upon which relief may be granted under Rule 24.035. *See Jaegers v. State*, 310 S.W.3d 313, 314 (Mo. App. W.D. 2010). Movant stated under oath at his guilty plea hearing that he and S.D. fought on May 15, 2007, and he confined her to a bathroom where he choked, punched, kicked, slapped and elbowed her. Movant further admitted to the court that he and S.D. fought on January 9, 2007, and he intentionally caused her harm by choking her and striking her by throwing a glass jar at her head, and this event was witnessed by a maintenance man. Movant has

8

not alleged any facts on appeal demonstrating that the events were not true or that his plea counsel failed to inform him of a viable defense. He does not even allege plea counsel followed the directions of S.D. or had any further personal contact with her after he became Movant's attorney.

Because Movant has not alleged facts demonstrating why he would have gone to trial but for his plea counsel's being hired by the complaining witness, this Court finds Movant has not demonstrated prejudice. Point Denied.

### ii. Plea counsel unduly pressured Movant into pleading guilty by stating he must pay him more money in order to go to trial.

Defense counsel's statement to a Movant they must pay additional fees to continue receiving services is not, in itself, coercive. *Jaegers*, 310 S.W.3d at 315. Additionally, "[a] Movant's failure or inability to pay legal fees does not automatically give rise to a conflict of interest." *Price v. State*, 171 S.W.3d 154, 157-58 (Mo. App. E.D. 2005). "However, a financial conflict of interest may arise when a Movant's inability to pay creates a 'divergence of interests' between [a defendant] and counsel such that counsel pressures or coerces the [defendant] to plead guilty where, absent the coercion, the [defendant] would have taken the case to trial." *Conger v. State*, 356 S.W.3d 217, 221-22 (Mo. App. E.D. 2011) (internal quotations omitted).

In *Price*, this Court held the motion court erred in denying an evidentiary hearing where the movant alleged his counsel told him he would not take his case to trial until the legal fees were paid. 171 S.W.3d at 158. The movant alleged facts demonstrating a divergence of interests between himself and his counsel; who coerced him into pleading guilty instead of going to trial because Price could not afford his fees for trial. *Id*. In an analogous case, *Lomax v. State*, the movant alleged in his Rule 24.035 motion that his counsel accepted legal fees from his girlfriend

9

"and thereafter acted in accord with her wishes that [the movant] plead guilty." 163 S.W.3d 561, 564 (Mo. App. E.D. 2005). As in *Price*, the movant in *Lomax* alleged counsel told him "he would not take the case to trial until his legal fees were paid." *Id*. The movant additionally alleged counsel told him "that it was too late for him to withdraw from the case and allow Lomax to obtain alternative counsel." *Id*. This Court found the record did "not contain any evidence that [the movant] understood that he had the right to conflict-free representation." *Id*.

In *Jaegers v. State*, the Western District of the Court of Appeals upheld the motion court's denial of movant's claim for ineffective assistance, distinguishing it from *Price*. 310 S.W.3d at 315. The movant in *Jaegers* alleged his counsel told him he would require an additional $5,000 to continue to represent him and he did not explain whether or how Jaegers might be able to get alternative representation. *Id*. at 314. Because Jaegers did not have $5,000, and was unaware of his alternatives, he alleged he felt coerced to plead guilty rather than proceed without an attorney. *Id*. The Western District held these facts could not form the basis for relief, because counsel's statements were not coercive. *Id*. at 315. The court distinguished the facts from *Price*, stating Price had alleged that when he informed counsel he could not afford to pay the fee, counsel pressured or coerced him into pleading guilty. *Id*.

In the present case, Movant has failed to allege any facts showing a divergence of interests between him and his plea counsel and that he would have taken his case to trial absent his defense counsel's coercion. The record indicates counsel had extensive conversations with him, and advised him of his alternatives. Movant alleges counsel told him he had no choice but to plead guilty or get life. The motion court found this was sound advice, considering Movant was advised immediately prior to entering his guilty plea he faced a maximum sentence of 90 years or life, and after his plea was accepted he received a suspended execution of his 15-year

sentences and probation for four years. Furthermore, Movant was represented by an assistant public defender in a case with an identical misdemeanor charge, against the same victim, pending in a different court, and he also intended to plead guilty in that case, undermining his argument that he would have proceeded to trial but for his counsel's coercion. Because Movant has not alleged facts demonstrating he would have gone to trial but for his plea counsel's actions, this Court finds Movant has not demonstrated prejudice. Point denied.

**b. The motion court did not clearly err in denying Movant an evidentiary hearing.**

"To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be 'specific enough to refute conclusively the movant's allegation.'" *Lomax*, 163 S.W.3d at 563 (quoting *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995)). Negative responses to the court's routine inquiry regarding whether any promises or threats have been made to induce a guilty plea are too general to refute all possible statements by counsel to client. *Id*. Nevertheless, "a motion court properly denies an evidentiary hearing on a motion for post-conviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given 'ample opportunity to express his duress' to the court." *Conger v. State*, 356 S.W.3d 217, 222 (Mo. App. E.D. 2011) (quoting *Jaegers*, 310 S.W.3d at 315).

The court extensively examined the Movant about his state of mind and counsel's services prior to accepting his guilty plea. In pertinent part the court asked:

| THE COURT: | Has Mr. Tyson or anybody else promised you anything to get you to plead guilty? |
| --- | --- |
| A. | No. |
| THE COURT: | Has Mr. Tyson or anybody else said to you something like just tell the Judge you're guilty; if you do that, you're guaranteed to get a result that's better than the State's offer? |
| A. | No. |

11

| THE COURT: | Has Mr. Tyson or anybody else said that I've made some kind of a promise to get you to plead guilty? |
| A. | No. |
| THE COURT: | Has anyone threatened, intimidated or mistreated you or done anything against anyone you care about in order to force you to plead guilty? |
| A. | No. |

This Court holds the record demonstrates Movant was given generous opportunities to express his duress to the motion court and repeatedly assured the court of his satisfaction with plea counsel. Furthermore, the advice of plea counsel to plead guilty and take probation or face life in prison was not coercive but legal advice that does not constitute a departure from the degree of skill, care, and diligence of a reasonably competent attorney. "It [is] the duty of counsel to advise his client of the strength of the [S]tate's case. The fact [that] such advice was that the [S]tate's case was strong, or that his conviction was likely, does not vitiate the plea of guilty." *Pittman v. State*, 331 S.W.3d 361, 365 (Mo. App. W.D. 2011) (internal citations omitted). For the foregoing reasons, it is not clear to this Court that the motion court erred in denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Point Denied.

c. **The motion court did not clearly err in denying Movant's motion for relief due to plea counsel's failure to investigate the case.**

"When counsel is charged with failing to conduct an adequate investigation we look to whether [he] fulfilled [his] obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary." *Hill v. State*, 301 S.W.3d 78, 82 (Mo. App. S.D. 2010). There is a presumption that counsel practices sound trial strategy, provides adequate assistance of counsel, and exercises professional judgment in all significant decisions. *Smith v. State*, 413 S.W.3d 709, 715 (Mo. App. E.D. 2013).

12

Movant claims plea counsel failed to investigate his claims that S.D. made up the allegations to steal money from him while he was incarcerated and failed to obtain phone records to prove S.D. was contacting Movant regularly. The record refutes both of these points. At his probation revocation hearing, Movant protested he had the phone records he alleged his counsel never obtained and it was established during the plea hearing that S.D. was not the only witness to the domestic abuse. Movant further claims on appeal he did not have enough time to discuss his case with plea counsel and he was "rushed through the process." This too is refuted by the record, both plea counsel and the court acknowledged the extensive conversations between the court, plea counsel, and Movant concerning his case. Movant also swore to the court at the plea hearing that he had had sufficient time to meet with his counsel and, when given the opportunity to have additional time to talk to his attorney, Movant declined, stating he wanted to plead guilty. Movant testified repeatedly that he was satisfied with his attorney's representation.

This Court finds the record refutes Movant's allegations of ineffective assistance of counsel for failure to investigate, obtain evidence, and meet with Movant. Therefore, the motion court did not clearly err in denying Movant's motion for post-conviction relief without an evidentiary hearing. Point denied.

## V.   Conclusion

The judgment of the motion court is affirmed.

Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.

13