In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

ROJAI R. JACKSON, ) No. ED108640
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Louis County, Missouri
vs. ) No. 19SL-CC01246
 )
STATE OF MISSOURI, ) Honorable John D. Warner, Jr.
 )
 Respondent. ) Filed: January 26, 2021

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

 Introduction

 Appellant Rojai R. Jackson appeals the denial without an evidentiary hearing of his Rule

24.035 motion for post-conviction relief. Jackson had pleaded guilty to second degree murder

for the May 19, 2016 slaying of Raymond Hunter and was sentenced to 25 years in prison. In his

Rule 24.035 motion, Jackson claimed his plea counsel was ineffective (1) for failing to advise

him of the potential defense at trial that he was guilty of involuntary manslaughter, a lesser-

included offense, instead of murder, (2) for failing to be ready for trial and then coercing Jackson

to plead guilty by telling him that he had no defense, would be convicted at trial, and would

receive a sentence of life without parole, and (3) that his counsel had a financial conflict of

interest because Jackson still owed him attorney’s fees. We affirm.
 Standard of Review

 Appellate review of the denial of a Rule 24.035 motion is limited to a determination of

whether the motion court’s findings, conclusions, and judgment are clearly erroneous.

Wooldridge v. State, 239 S.W.3d 151, 153–54 (Mo. App. E.D. 2007). The motion court’s

findings and conclusions are presumptively correct and will be overturned only when this Court,

after reviewing the entire record, is left with a “definite and firm impression that a mistake has

been made.” Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

 To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must

(1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must

raise matters not refuted by the record and files in the case; and (3) the matters complained of

must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc

2003). An evidentiary hearing is not required if the files and records of the case conclusively

show that the movant is entitled to no relief. Id. And where a movant alleges ineffective

assistance of counsel following a guilty plea, movant is not entitled to an evidentiary hearing if

an examination of the guilty plea proceedings directly refutes movant’s assertion that his plea

was involuntary. Cain v. State, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993).

 In order to prevail on a claim of ineffective assistance of counsel, a movant must show by

a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and

diligence that a reasonably competent attorney would perform under similar circumstances, and

(2) that he was prejudiced thereby. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987)

(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). There is a strong presumption that

counsel’s performance was reasonable and effective. Zink v. State, 278 S.W.3d 170, 176 (Mo.

banc 2009). To overcome this presumption, the movant must point to “specific acts or omissions

 2
of counsel that, in light of all the circumstances, fell outside the wide range of professional

competent assistance.” Whitehead v. State, 481 S.W.3d 116, 122 (Mo. App. E.D. 2016) (quoting

Zink, 278 S.W.3d at 176).

 A guilty plea must be a voluntary expression of the defendant’s choice and a knowing

and intelligent act done with sufficient awareness of the relevant circumstances and likely

consequences of the act. Davis v. State, 435 S.W.3d 113, 116 (Mo. App. E.D. 2014). After a

guilty plea, our review is limited to a determination of whether the movant’s plea was knowing

and voluntary. Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998); Cain, 859

S.W.2d at 717. As a result, in order to prevail on an ineffective assistance of counsel claim

following a guilty plea, a movant “must establish a serious dereliction of duty that materially

affected his substantial rights and further show that his guilty plea was not an intelligent or

knowing act.” Evans v. State, 921 S.W.2d 162, 164 (Mo. App. W.D. 1996). Prejudice exists if

the movant can show that, but for counsel’s ineffective assistance, he would not have pleaded

guilty and instead would have insisted on going to trial. May v. State, 309 S.W.3d 303, 306 (Mo.

App. E.D. 2010).

 Discussion

I. Jackson failed to establish his claim that his plea was not knowing and voluntary
 because his counsel failed to inform him of the potential defense that he was guilty
 of the lesser included offense of involuntary manslaughter, instead of murder.

 Our inquiry is centered on the colloquy between the plea court and Jackson at the plea

hearing. The court asked Jackson if he had “enough time to speak with [his] attorney about [his]

case, specifically the facts and any trial strategy [he] might consider in [Jackson’s] defense?”

Jackson initially answered “No.” Then after the plea court asked if he needed time to “speak to

[counsel] some more,” Jackson said, “I mean, we already done that.” The court then asked again

whether Jackson believed he “had enough time to speak with [his] attorney about [his] case,
 3
specifically the facts and any trial strategy [he] might consider in [Jackson’s] defense,” and

Jackson said that they “never came up with a trial strategy or nothing.” Later, Jackson stated that

plea counsel “fully advised him in detail of the charges” and of “all legal aspects of [his] case,

including [his] legal rights and the consequences of [his] two pleas of guilty.”

 The question here is whether this record refutes Jackson’s claim that his plea was not

knowing and voluntary because his plea counsel failed to advise him that he could have asserted

the defense at trial that he was guilty of the lesser-included offense of involuntary manslaughter

instead of murder. We find that the record is sufficient to refute Jackson’s claim in this regard.

 Jackson relies on Wiggins v. State, 480 S.W.3d 379 (Mo. App. E.D. 2015). Wiggins

claimed his plea counsel was ineffective for failing to discuss with him the potential defense at

trial that he was guilty of voluntary manslaughter not second-degree murder. Id. at 383. This

Court reversed the denial of his Rule 24.035 motion and remanded the matter back to the plea

court for an evidentiary hearing. We relied on the transcript of the plea hearing and specifically

the absence of any testimony by the defendant that his plea counsel had discussed the available

defenses or whether counsel had fully advised him about all aspects of his case. Id. at 385.

 The State, for its part, directs us to Whitehead v. State, in which this Court distinguished

Wiggins and affirmed the denial of the movant’s Rule 24.035 motion based principally on the

movant’s testimony that his attorney “explained each of these charges to [him] and discussed any

possible defenses that might be available to [him].” 481 S.W.3d at 123. The Whitehead Court

distinguished Wiggins because there “the plea court did not ask Movant specifically whether his

plea counsel had explained any available or known defenses to him, or if plea counsel had fully

advised Movant as to all aspects of the case.” Wiggins, 480 S.W.3d at 385. Wiggins was also

distinguishable because the legal concept underlying the potential lesser-included offense in

 4
Wiggins—sudden passion arising from adequate cause—“is not as evident to a non-lawyer.” Id.

While in Whitehead, the Court noted that the movant plead guilty to “the very lesser-included

offense about which he claims plea counsel should have advised him,” which demonstrates his

familiarity with that charge and its status as a lesser-included offense. 481 S.W.3d at 125.

 Whitehead relied on another case, Muhammad v. State, in which the movant’s testimony

that “defense counsel fully explained to him the nature of the charges and the elements of those

charges,” and “that defense counsel had also explained any possible defenses” was deemed

sufficient to dispose without an evidentiary hearing of his claim that counsel was ineffective for

failing to inform him of the potential defenses at trial of self-defense and that he could have been

convicted of a lesser included offense. 367 S.W.3d 659, 662 (Mo. App. E.D. 2012).

 We turn again to the record here in which Jackson admitted that counsel “fully advised

him in detail of the charges” and of “all legal aspects of [his] case, including [his] legal rights

and the consequences of [his] two pleas of guilty.” This is certainly more robust than the record

in Wiggins which lacked any testimony by the defendant that his plea counsel had discussed the

available defenses or that counsel had fully advised him about all aspects of his case. Wiggins,

480 S.W.3d at 385. So, Wiggins does not help Jackson.

 But this record is also not quite as robust as the records in Whitehead and in Muhammad

because in those two cases there was testimony that counsel had discussed “any possible

defenses,” and here the scant record before us lacks any specific reference to defenses. We

would have to find that Jackson’s admission that counsel fully advised him of “all legal aspects

of [his] case” is sufficient to refute his assertion that counsel did not discuss with him the defense

at trial that he was guilty of the lesser-included offense of involuntary manslaughter as opposed

to first-degree murder or second-degree murder.

 5
 So, what were the “legal aspects” of Jackson’s case? And what did Jackson understand

them to be when he admitted that his counsel had discussed all of them with him? While a deep

dive into Merriam-Webster’s Dictionary for the meaning of legal aspects might prove

interesting, we find it unnecessary. Other than perhaps the elements of the charged crimes, we

conclude that criminal defendants like Jackson understand that the most important legal aspect of

their case is their defense. Although Jackson’s admission that he was fully advised of “all legal

aspects of [his] case” is somewhat different than the defendants’ admissions in Whitehead and

Muhammad that they had discussed “any possible defenses,” we find the intent, meaning, and

effect to be largely the same such that Jackson’s admission that his counsel discussed “all legal

aspects” of his case includes the possible defenses. Therefore, we hold the record is sufficient to

refute Jackson’s claim that his counsel did not discuss with him the possible defense involving

the lesser included offense of involuntary manslaughter and Jackson was not entitled to an

evidentiary hearing on his post-conviction relief claim.

 Point denied.

II. Jackson’s claim that his plea was not knowing and voluntary because his counsel
 coerced him to enter the plea is refuted by the record.

 Jackson admitted to the plea court that his plea was voluntary and that he was not

threatened, intimidated, or in any way forced to plead guilty. This record alone is sufficient to

refute his claim that his plea was not knowing and voluntary because trial counsel coerced him to

enter the plea and warrants the denial of this point. Ryan v. State, 547 S.W.3d 151, 155 (Mo.

banc 2018).

 Nevertheless, we address Jackson’s arguments with respect to his counsel’s performance

in this regard. Jackson first asserts that his counsel coerced him to plead guilty at the plea

hearing which occurred just two weeks before the scheduled trial of this case, a trial, Jackson

 6
alleges, for which his counsel was not prepared. We are unpersuaded. General allegations of the

failure to investigate and the failure to prepare for trial are inadequate to warrant post-conviction

relief. Haynes v. State, 600 S.W.3d 859, 863 (Mo. App. W.D. 2020). Although he claims in

conclusory fashion that his counsel should have filed motions and taken depositions among other

pretrial moves, Jackson fails to identify any specific information that trial counsel should have or

would have discovered had he done all those tasks, or how that undiscovered information would

have aided or improved Jackson’s position at trial. Id. If Jackson is unable to describe to this

Court the bounty of helpful information and evidence that would have been revealed, it is

unlikely he was able to do so to his trial counsel, so we are unpersuaded that trial counsel failed

to adequately prepare for trial.

 We likewise reject the notion Jackson raises that his counsel coerced him by his grim

description of what might happen at trial in terms of Jackson being convicted of first-degree

murder and the likely sentence to follow. Jackson specifically claims that counsel told him “that

he had no defense” and “his only options were to accept the state’s recommendation or go to trial

and get convicted of murder in the first degree.”

 Our Supreme Court noted in Johnson v. State, 580 S.W.3d 895, 901 (Mo. banc 2019) that

although the description of the maximum punishment a defendant faces may have frightened

him, the mere explanation of the range of punishment, even when couched in somewhat

hyperbolic terms, does not constitute coercion when the explanation did not exaggerate the

maximum authorized punishment. Id. Moreover, a defendant’s counsel who merely explains all

the possible results and sentences in the event of a trial is doing his or her duty as an attorney.

Id. at 903.

 7
 That Jackson felt pressure may well be the case, but the pressure he experienced was the

direct result of his own crimes and the difficult choice he faced, not of his counsel’s accurate

depiction of his predicament if he rejected the plea offer and went to trial. Ryan v. State, 547

S.W.3d 151, 155 (Mo. banc 2018). Jackson’s assertions do not demonstrate coercion by plea

counsel. Rather, they fit with the foregoing authorities’ descriptions of an attorney doing his or

her duty by explaining to Jackson the stark plight in which he found himself as a result of the

crimes he committed.

 Point denied.

III. Jackson has failed to establish his counsel had an actual conflict of interest.

 In his third point, Jackson asserts that his counsel’s failure to adequately investigate his

case and to adequately prepare for trial was because counsel had a financial conflict of interest

since Jackson had paid him only $6000 of his $10,000 legal fee. We are unpersuaded because

Jackson has failed to allege facts demonstrating that his counsel had an actual conflict of interest

that adversely affected his performance. Rather, Jackson has supplied mere speculation and

unsupported conclusions.

 “To prevail on a claim of ineffective assistance of counsel founded on a conflict of

interest, the movant must show that an actual conflict of interest adversely affected counsel’s

performance.” Ballard v. State, 500 S.W.3d 294, 300 (Mo. App. E.D. 2016). Additionally, “[a]

Movant’s failure or inability to pay legal fees does not automatically give rise to a conflict of

interest.” Price v. State, 171 S.W.3d 154, 157–58 (Mo. App. E.D. 2005). “However, a financial

conflict of interest may arise when a Movant’s inability to pay creates a ‘divergence of interests’

between [a defendant] and counsel such that counsel pressures or coerces the [defendant] to

plead guilty where, absent the coercion, the [defendant] would have taken the case to trial.”

 8
Conger v. State, 356 S.W.3d 217, 221–22 (Mo. App. E.D. 2011) (internal quotations omitted).

“If the movant proves that counsel had an actual conflict of interest affecting counsel’s

performance, then prejudice is presumed.” Ballard, 500 S.W.3d at 300.

 Jackson has failed to plead any facts pursuant to the foregoing authorities that his counsel

had an actual conflict of interest because Jackson still owed some of his fee. Jackson asks us to

draw the speculative conclusion that because counsel may have still been owed a portion of his

fee, he chose not to carry out his professional duties to Jackson to fully investigate and prepare

for trial. No facts in the record support this conclusion. The record shows that counsel

discussed all the legal aspects of the case with him including trial strategies and that Jackson

authorized his counsel to engage in plea negotiations from which his first-degree murder charge

was reduced to second degree murder in exchange for his plea.

 Moreover, as we noted with respect to Jackson’s similar, meritless complaint in point

two, general allegations of the failure to investigate and the failure to prepare for trial are

inadequate to warrant post-conviction relief. Haynes, 600 S.W.3d at 863. Not only has Jackson

failed to show what helpful information and evidence would have revealed itself from all the

pretrial moves he maintains counsel should have done, but he has plead no facts showing or even

hinting that his counsel had an actual conflict of interest in that his representation was motivated

or influenced in any way whatsoever by the unpaid portion of the attorney’s fees.

 Point denied.

 Conclusion

 For the reasons stated above, we affirm the motion court’s judgment.

 __________________________
 James M. Dowd, Judge
Angela T. Quigless, P.J., and
Kurt S. Odenwald, J., concur.

 9